**FAMILY LAW**

**CHILD ABUSE AND NEGLECT — ADMINISTRATIVE LAW —
REVIEW AND HEARING PROCEDURES FOR AMENDMENT OR
EXPUNGEMENT OF RECORDS OF CHILD ABUSE OR NEGLECT**


June 25, 1993


*The Honorable James G. Klair
Deputy Administrative Law Judge*

You have requested our opinion concerning the nature of the hearing afforded by Chapter 318 (House Bill 617) of the Laws of Maryland 1993. Specifically, you ask about the relationship between an *in camera* review of certain records of child abuse or neglect and a hearing — that is, whether an individual who obtains an *in camera* review by the administrative law judge is also entitled to a hearing before the ALJ. You also ask about the nature of the hearing required under Chapter 318.

For the reasons stated below, we conclude as follows:

1.     The *in camera* review authorized under §5-706.2(a) of the Family Law Article ("FL" Article) is an element of, rather than an alternative to, a hearing. Thus, an individual who requested an *in camera* review is entitled to a hearing if the review does not result in a disposition of the records satisfactory to the individual.

2.     A hearing under Chapter 318 is neither a contested case hearing under the Administrative Procedure Act nor any form of evidentiary hearing. Rather, it consists of an opportunity for the individual to make a written submission regarding the alleged inaccuracy of the records in question and an opportunity for the individual to present argument to the administrative law judge.

# I

## Statutory Background

According to its purpose clause, Chapter 318 is intended to provide "certain procedures for the amendment or expungement of certain records and reports of child abuse and neglect." The bill deals with situations in which an allegation of abuse or neglect has not been "ruled out," a term meaning that the abuse or neglect is found not to have occurred. FL §5-701(s). If an allegation is not "ruled out," then it is either "indicated" or "unsubstantiated." A finding that abuse or neglect is "indicated" means "that there is credible evidence, which has not been satisfactorily refuted, that abuse, neglect, or sexual abuse did occur." FL §5-701(k). A finding that an allegation is "unsubstantiated" means "that there is an insufficient amount of evidence to support a finding of indicated or ruled out." FL §5-701(u).

A finding by the local department of social services of "indicated" or "unsubstantiated" abuse or neglect triggers a requirement that, within 30 days after the completion of the investigation, the local department notify in writing the person alleged to have abused or neglected a child of the finding. The local department must also give notice "that the person may request an administrative hearing to appeal the finding." FL §5-706.1(a).[1]

A request for an administrative hearing automatically initiates one review process, within the local department of social services, which must "review all records and reports concerning the alleged abuse or neglect" and "determine whether the finding shall be amended, modified, or expunged." FL §5-706.1(e). If the local department's determination does not satisfy the accused individual, then the matter proceeds to the Office of Administrative Hearings under FL §5-706.2.

---

[1] If a petition has been filed alleging that a child is in need of assistance (a "CINA" petition), the local department of social services need not notify the person of the right to request a hearing. If the CINA petition is subsequently dismissed, however, the local department must then notify the person of his or her right to request a hearing.

Under this section, the appellant "may request an *in camera* review by the administrative law judge of the full report or record to determine the accuracy and sufficiency of the report or record." FL §5-706.2(a). The next step in the process is linked to the ALJ's determination "that the information contained in the report or record is sufficient and accurate for purposes of determining an issue in a proceeding." FL §5-706.2(c). In that event, the ALJ "may provide the full report or record to the person who is the subject of the report or record, provided that provisions are made for the protection of the identity of the person who provided the information in the report or record or any other person whose life or safety is likely to be endangered by the provision of the full report or record." Then, "[i]f a person contests the finding of the department, after review of the reports and records and any additional information submitted by the person, the administrative law judge shall make a determination as to the correctness of the finding." FL §5-706.2(d)(1). Based on this review, if the ALJ "determines that the finding is incorrect, the administrative law judge shall order the department to amend, modify, or expunge the finding, as appropriate." FL §5-706.2(d)(2).[2]

Important aspects of these procedures are not fully delineated in the statute. This opinion does not attempt to address comprehensively the many interpretive issues that have already been discerned by those who are planning the law's implementation. Many of the issues left unresolved by the statute − to cite but one example, the role of the local department in the *in camera* review and hearing process − ought to be addressed by regulation. *See* Article 88A, §5(a) and Article 41, §6-104(b) of the Maryland Code (rulemaking authority of State Director of Social Services and Secretary of Human Resources); §9-1604(a)(8) of the State Government Article (rulemaking authority of Chief Administrative Law Judge). Any reasonable policy choice embodied in a properly adopted regulation would be legally valid, and the Attorney General's Office does not stymie the process of policy formulation by treating these issues as if they were finally determinable in a legal opinion. *See generally* 76 *Opinions of the Attorney General* 3 (1991).

---

[2] Section 2 of Chapter 318 sets out a procedure for proposed decisions by the ALJ. This section would become effective only if the exercise of decisional authority by the ALJ, as discussed in the text, were disapproved by the federal government.

## II

## Review and Hearing

When a person who has requested a hearing under FL §5-706.1 then requests an *in camera* review by the ALJ of the report or record, the person gets two benefits: a type of "summary judgment" review of the report or record by the ALJ, and access to materials that are to be the subject of the hearing.

First, the ALJ is "to determine the accuracy and sufficiency of the report or record." FL §5-706.2(a). Chapter 318 sets out no procedure for this review. At this stage, the person who requested the review will not have seen the report or record and has no entitlement to enlarge the record. Thus, the ALJ's review is limited to a consideration of facial "accuracy" − is the finding inaccurate because it is contradicted by undisputed facts in the record? − and "sufficiency" − if everything in the record is taken as true, would the record fail to support the finding?

If the ALJ determines that the report or record is inaccurate or insufficient, then (although the statute does not say so explicitly) the ALJ would order the local department to "amend, modify, or expunge the finding, as appropriate." FL §5-706.2(d)(2). Under these circumstances, the ALJ will, in effect, have granted a form of "summary judgment" to the appellant.

The second purpose for *in camera* review is suggested in subsection (c), which states what happens if the ALJ "determines that the information contained in the report or record is sufficient and accurate for purposes of determining an issue in a proceeding ...."[3] In that event, the ALJ is authorized to provide the report or record to the appellant (redacted as may be necessary to protect confidential sources or others who might be in danger),

---

[3] The reference to "a proceeding" can only mean the administrative appeal of the finding. The "issue" is whether the finding should be amended, modified, or expunged.

notwithstanding the confidentiality strictures of Article 88A, §6.[4] Armed with the report and record, the appellant is able to prepare for the hearing by submitting "any additional written information ...."

The nature of the hearing is specified in FL §5-706.1(f): "[T]he hearing shall be held in the manner provided under §5-706.2 ...." Apart from the *in camera* review provisions discussed above, FL §5-706.2 simply provides that on the basis of the report and record of the local department and "any additional written information submitted by" the appellant, the ALJ is to "make a determination as to the correctness of the finding."[5] The appellant has no right under this section to present live testimony or evidence other than "written information" (including any affidavit that the appellant might submit, for an affidavit is a form of "written information").

Under the Administrative Procedure Act as amended by Chapter 59 of the Laws of Maryland 1993, the "contested case" procedures of the APA are to be followed when "a right, duty, statutory entitlement, or privilege of a person ... is required by statute or constitution to be determined only after an opportunity for an agency hearing." §10-203(d) of the State Government Article

---

[4] Although the authorization for disclosure in FL §5-706.2(c) is plainly intended as an additional exception to the otherwise broad confidentiality requirement of Article 88A, §6, other restrictions on disclosure – for example, the patient-psychotherapist privilege in §9-109 of the Courts Article – might call for the redaction of additional elements of the report and record. We suggest that the relationship between such privileged communications and the disclosure authorized under FL §5-706.2(c) be delineated in the regulations that will implement Chapter 318.

[5] Because Chapter 318 as a whole was intended to afford certain procedural rights to persons who believe that they should have been cleared of abuse or neglect charges, we do not believe that §5-706.2(d) allows the ALJ to order a more adverse finding than that reached by the local department. If the local department found the charges to be "unsubstantiated," the ALJ's job is to decide whether the finding should instead be "ruled out." If the evidence, in the ALJ's view, would have supported a finding of "indicated," obviously the evidence would then be at least sufficient to support the finding actually made. Under these circumstances, the ALJ would deny the appeal – that is, would deny the finding sought by the appellant – but not order a change in the finding.

(effective June 1, 1993). In our view, the later-enacted Chapter 318 does not require any type of "agency hearing" other than the one specified − a hearing "held in the manner provided under §5-706.2 of this subtitle ...." Nor does it provide for judicial review under the APA or the ALJ's determination.[6] The provisions of Chapter 318, in other words, are wholly inconsistent with an intent to impose APA contested case procedures.[7]

Our conclusion that the APA is inapplicable to a "hearing" under Chapter 318 does not drain the term "hearing" of its meaning. As a general proposition, "[a] 'hearing' means *any* confrontation, oral or otherwise, between an affected individual and an agency decisionmaker sufficient to allow the individual to present his case in a meaningful manner." *Gray Panthers v. Schweiker*, 652 F.2d 146, 148 n.3 (D.C. Cir. 1980) (emphasis in original). A hearing can be a "'paper hearing,' without any opportunity for oral exchange." *Id.* One gets a "hearing" before an appellate court, for example, even if the court dispenses with oral argument and decides the case on the briefs. *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Nevertheless, the term "hearing" normally refers to a proceeding at which argument is presented prior to the tribunal's determination of the issues. *E.g., Board of Police Comm'rs v. Freedom of Info. Comm'n*, 192 Conn. 183, 470 A.2d 1209, 1212-13 (1984). Chapter 318, moreover, contains an express requirement that "the hearing shall be held ... in the jurisdiction in which the person ... resides." FL §5-706.1(g). This provision makes no sense unless the section contemplated the appellant's personal appearance at the hearing. Accordingly, we conclude that the statute entitles the appellant to argue in person for the determination that he or she seeks.

---

[6] For purposes of this opinion, we need not address the nature of any judicial review proceeding that the appellant might obtain outside of the APA. *See generally Medical Waste Assoc., Inc. v. Maryland Waste Coalition, Inc., 327 Md. 596, 610, 612 A.2d 241 (1992); Criminal Injuries Compensation Board v. Gould*, 273 Md. 486, 500-06, 331 A.2d 55 (1975).

[7] Indeed, the result would have been the same even before the APA amendments. *See Sugarloaf Citizens Ass'n v. Northeast Md. Waste Disposal Auth.*, 323 Md. 641, 665-66 n.6, 594 A.2d 115 (1991).

## III

## Conclusion

In summary, it is our opinion that:

1.     The *in camera* review authorized under FL §5-706.2(a) is an element of, rather than an alternative to, a hearing.  Thus, an individual who requested an *in camera* review is entitled to a hearing if the review does not result in a disposition of the records satisfactory to the individual.

2.     A hearing under Chapter 318 is neither a contested case hearing under the Administrative Procedure Act nor any form of evidentiary hearing.  Rather, it consists of an opportunity for the individual to make a written submission regarding the alleged inaccuracy of the records in question and an opportunity for the individual to present argument to the administrative law judge.

> J. Joseph Curran, Jr.
> *Attorney General*
>
> Jack Schwartz
> *Chief Counsel*
> *Opinions & Advice*

**Editor's Note:**

Without explicitly finding that a Chapter 318 hearing is not a contested case hearing, the Court of Appeals has found that a separate provision, Family Law Article §5-715, provides an individual with an additional right to a contested case hearing to challenge a finding of child abuse or neglect. *Montgomery County Department of Social Services v. L.D.*, 349 Md. 239, 707 A.2d 1331 (1998); *C.S. v. Prince George's County Department of Social Services*, 343 Md. 14, 680 A.2d 470 (1996).